# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

RONNIE CLEVENGER )
)
v. ) NO. 2:05-CV-57
)
UNITED STATES OF AMERICA )
)

## O R D E R

The plaintiff, a federal prisoner proceeding *pro se,* has filed a petition pursuant to 28 U.S.C. § 2255, challenging his sentence in *United States of America v. Ronnie Clevenger*, case number 2:03-CR-75.

Mr. Clevenger entered a plea of guilty to counts one and three of the indictment which charged him with conspiracy to manufacture marijuana in excess of 100 plants, and the manufacture of marijuana plants. The Court imposed judgment on May 10, 2004, sentencing the defendant to 60 months on Count One and 24 months on Count Three to run concurrently to the first count. Mr. Clevenger did not request that the Court modify his sentence and did not file a direct appeal of his conviction or sentence.

In his petition, Mr. Clevenger claims that he received an inconsistent and illegal sentence, making the following statement:

> I was sentenced to 60 months while my co-defendant
> who had a prior conviction was sentenced to 24 months.

> I did not get the benefit of the safety valve and was
> enhanced because my home contained several firearms.
> None of the enhancing factors were considered by a jury
> prior to the entry of my plea of guilty and my sentence is
> simply unfair and illegal under the law. I am attaching a
> memorandum of law to this motion.

In his memorandum, Mr. Clevenger claims that he should not have been prohibited from receiving the benefit of the "safety valve," and that in light of the Supreme Court's opinions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005), his sentence should be modified to reflect the same or similar penalty received by the petitioner's co-defendant.

The petitioner's claim that he should have received the benefit of the "safety valve" is straightforward, given that the petitioner did not file an appeal of his sentence. It is well established in this Circuit that an argument not raised on direct appeal is waived. *See Grant v. United States*, 72 F. 3d 503, 505-06 (6th Cir. 1996).

The petitioner's claim that his sentence should be modified in light of the Supreme Court's rulings in the *Blakely* and *Booker* decisions is not so straightforward, given that the petitioner was sentenced prior to both decisions. Apparently, the defendant's *Booker* argument is twofold. First, the defendant claims that the firearms found in his residence were not connected in any way to the marijuana production, and therefore, he should not have received a two level

2

increase of his offense level pursuant to U.S.S.G. § 2D1.1(b)(1). Secondly, he apparently argues that the Judge should not have made a finding as to the amount of marijuana plants, which number of plants led to him being sentenced to a minimum mandatory sentence of 60 months pursuant to 21 U.S.C. § 841(b)(1)(B).

The Sixth Circuit Court of Appeals recently held that the *Booker* decision does "not apply retroactively in collateral proceedings." *Humphress v. United States*, ___ F. 3d ___, 2005 W.L. 433191, 2005 Fed. App. 0094 P (Feb. 25, 2005). In so holding, the Court affirmed the District Court's denial of *Humphress'* § 2255 motion which claimed that his sentence was impermissibly increased on the basis of facts found by the sentencing court. Notably, *Humphress* had a much stronger case than Mr. Clevenger in that he had made a direct appeal of his sentence from the sentencing court. Mr. Clevenger, on the other hand, failed to make any challenge to his sentence on direct appeal.

Therefore, because Clevenger did not file a direct appeal of his sentence, and because *Booker* is not retroactively applicable to his sentence, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE